# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPH WILBUR, JR.,

        Appellant,

        v.

DEPARTMENT OF HOMELAND
  SECURITY,

        Agency.

DOCKET NUMBER
AT-0731-16-0356-I-1

DATE: September 2, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Joseph Wilbur, Jr.</u>, Daphne, Alabama, pro se.

<u>Linda L. Bowers</u>, Esquire, Lincoln, Nebraska, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant filed this appeal contesting a finding of the Department of Homeland Security (DHS) that he was unsuitable for agency employment. Initial Appeal File (IAF), Tab 1 at 1, 3. DHS issued the unsuitability decision on February 5, 2015. *Id.* at 7. The appellant filed this appeal on February 9, 2016. *Id.* at 1. On March 16, 2016, the administrative judge issued a timeliness order, indicating that the appeal appeared to be late by 339 days and ordering the appellant to present evidence and argument showing that his appeal was timely filed or good cause existed for the delay in filing. IAF, Tab 5 at 1-4. In response to that order, the appellant explained that he had been on a military deployment between February 3, 2015, and September 23, 2015. IAF, Tab 6 at 14-15, 26, 30−31, Tab 8. Accordingly, the administrative judge found that the time for filing the appeal was tolled under the Servicemembers Civil Relief Act (SCRA). IAF, Tab 9; *see* 50 U.S.C. § 3936(a). Based on the appellant's September 23, 2015 release from military service, the administrative judge issued a second timeliness order indicating that his appeal appeared to be 109 days late. IAF, Tab 9 at 2-4. The appellant responded to the order, as did the agency. IAF, Tabs 10-11. The administrative judge then concluded that the appellant failed to

establish good cause for waiving the filing deadline and dismissed the appeal as untimely filed. IAF, Tab 12, Initial Decision (ID) at 4-5.

¶3 The appellant filed a petition for review wherein he argues that he was unaware that an investigation of incidents related to his resignation from the Occupational Safety and Health Administration (OSHA) had been completed. Petition for Review (PFR) File, Tab 1 at 5; *see* IAF, Tab 1 at 6. The investigation formed the basis for DHS to issue a November 18, 2014 Notice of Proposed Action (NOPA) regarding the appellant's suitability for employment at DHS. IAF, Tab 1 at 7-10. The appellant asserts that he was unable to respond to the NOPA because of his deployment. PFR File, Tab 1 at 5. DHS later made a negative suitability finding upon which this appeal is based. PFR File, Tab 1 at 5; *see* IAF, Tab 1 at 7-10. On review, the appellant seeks to present reasons why the negative suitability finding was incorrect. PFR File, Tab 1 at 5. He also reargues his position from below as to why the Board should waive the filing deadline for his appeal: that when he returned from his deployment, he had to deal with "a backlog of mail," family issues, readjustment to civilian life, and ongoing unemployment. *Id.* at 6. He additionally asserts that the availability of new and material evidence—his response to the NOPA—is sufficient reason for the Board to waive the filing deadline. *Id.* at 6-8.

¶4 The appellant's arguments are unavailing. The administrative judge correctly found that the deadline for filing the appeal was extended under SCRA based on the appellant's September 23, 2015 release from military service, and his appeal should have been filed by October 23, 2015. ID at 2; *see* 50 U.S.C. § 3936(a); *Neighoff v. Department of Homeland Security*, 122 M.S.P.R. 86, ¶¶ 6‑10 (2015). The appeal was filed via e‑Appeal on February 9, 2016, which is 109 days past the October 23, 2015 filing deadline. IAF, Tab 1.

¶5 When an appeal is filed late, an administrative judge may waive the Board's regulatory filing deadline if the appellant shows good cause for the late filing. 5 C.F.R. §§ 1201.12, 1201.22(c). To establish good cause, an appellant

must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62‑63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6        Although the appellant is pro se, a 109-day delay in filing is not a minimal one, as the administrative judge correctly pointed out. ID at 3. DHS's final decision specifically informed the appellant that he had a 30-day deadline for filing a Board appeal. IAF, Tab 1 at 9; *see* 5 C.F.R. § 1201.22. Although a brief delay caused by personal issues and the need to sift through mail accumulated during a half-year absence would be understandable, a 109-day delay is excessive and suggests that the appellant was neglectful in exercising his appeal rights. The appellant has not alleged any circumstances rising to unavoidable casualty or misfortune that would have affected his ability to timely file an appeal. As the administrative judge explained, the appellant's assertion that he could not find the Board's appeal form is likewise unconvincing. ID at 4.

¶7        We also reject the appellant's assertion that he offers new and material evidence on review, in the form of his response to the NOPA. For the Board to accept such evidence as new, an appellant must show that it was unavailable despite his due diligence before the record in the proceeding below closed. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Here, the NOPA was issued on November 18, 2014, IAF, Tab 1 at 7, *prior to* the appellant's deployment, *see* IAF, Tab 6 at 26, 29-31. Additionally, the record in the proceeding below includes the appellant's post-deployment response to the

NOPA.  *Id*. at 5-14.  Evidence that is already a part of the record is not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980); *see Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (holding that the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed to constitute new evidence).  In any event, the appellant's response to the NOPA pertains to the merits of his appeal and not to the administrative judge's dismissal for untimely filing.  Accordingly, we affirm the administrative judge's finding that the appeal was untimely filed without good cause shown for the delay in filing.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:               _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.